1
2
3
4
5
6

IN THE UNITED STATES DISTRICT COURT

7

FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9    KEZIA KENDALL LATNIE,                          No. C 19-4745 WHA (PR)

10              Petitioner,                          **ORDER OF DISMISSAL**

11       v.

12   GREGORY J. AHERN; RICHARD T.
     LUCIA,

13

14              Respondents
                                            /

15

16       Petitioner is a pretrial detainee awaiting trial on charges in the Alameda County

Superior Court.  She filed the instant petition for a writ of habeas corpus seeking immediate

17   release and the lowering of her bail amount.

18       A federal court has authority to entertain a petition for a writ of habeas corpus by a

19
     person in custody, but not yet convicted or sentenced.  *McNeely v. Blanas,* 336 F.3d 822, 824

20   n.1 (9th Cir. 2003).  Such a person brings his petition under 28 U.S.C. § 2241(c)(3).  *Ibid.*

21
         Petitioner claims that her criminal proceedings, bail amount, and the conditions of her

22   confinement violate her constitutional rights.  The claims challenging the constitutionality of

23
     her criminal proceedings must be dismissed principles of federalism and comity require that a

24
     federal court abstain until all state criminal proceedings are completed and petitioner exhausts

25
     available judicial state remedies to the California appellate and supreme courts.  *See Carden v.*

26
     *Montana*, 626 F.2d 82, 83-84 & n.1 (9th Cir. 1980); *see also United States ex rel. Goodman v.*

27
     *Kehl*, 456 F.2d 863, 869 (2d Cir. 1972) (pretrial detainees must first exhaust state remedies).

28
     The dismissal of these claims is without prejudice to petitioner filing them in federal court after

her trial court proceedings have concluded, and she has presented her claims through all

1   available state court appeals.

2        Petitioner's claims seeking to reduce her bail amount must be dismissed because she has

3   not challenged her bail amount in the state appellate courts.  A criminal defendant seeking a

4   reduction in bail should seek it first by motion in the criminal case and appeals to the state

5   appellate courts from any unfavorable ruling before seeking such relief in a petition for writ of

6   habeas corpus in federal court.  *See Stack v. Boyle*, 342 U.S. 1, 6-7 (1951).  The dismissal of her

7   bail claims is without prejudice to her bringing them in a federal habeas petition after she has

8   pursued such claims in the California Court of Appeal and the California Supreme Court.

9        Petitioner's claims challenging the conditions of her confinement must be brought in a

10  civil rights complaint, not a habeas petition, because success on those claims does not

11  necessarily mean speedier or immediate release from custody.  *See Nettles v. Grounds*, 830 F.3d

12  922, 931 (9th Cir. 2016) (en banc).  The dismissal of these claims is without prejudice to

13  petitioner filing them in federal court in a civil rights complaint under 42 U.S.C. § 1983 after

14  she has completed any administrative remedies available to her within the institution in which

15  she is confined.

16       For the foregoing reasons, the petition for a writ of habeas corpus is DISMISSED

17  without prejudice.  No certificate of appealability is warranted in this case because a reasonable

18  jurist would not find the dismissal of this petition debatable or wrong.  *Slack v. McDaniel*, 529

19  U.S. 473, 484 (2000).

20       The clerk shall enter judgment and close the file.

21       **IT IS SO ORDERED.**

22  Dated: October ___23___, 2019.

23                                              WILLIAM ALSUP
                                                UNITED STATES DISTRICT JUDGE

24

25

26

27

28

2